## In re Petition of Kenneth W. DAVIS.
### No. 1652.

District Court, Alaska
First Division, Juneau.

Jan. 28, 1955.

FOLTA, District Judge.

The petitioner has applied for permission to appear in this court for the purpose of arguing a motion to vacate the judgment and sentence in United States v. Madsen. He has apparently complied with Uniform Rule Number 44 but not with Local Rule No. 2. But there are other reasons why the petition in my opinion should be denied. These may be evaluated only when projected against the background of the Madsen case.

Madsen, a teen-ager, murdered another teen-ager last summer. It was the culmination of a night of drinking on the part of Madsen. He deliberately provoked an altercation with the deceased, who was with his own party, then drove to Ketchikan, armed himself with a pistol, and returned to the scene. He pistol-whipped a teen-ager in the front seat of the car into insensibility, and shot and killed the other, who was apparently asleep in the rear seat.

J. Lael Simmons, a Seattle attorney, was permitted to appear to defend Madsen, with two members of a local firm of attorneys. A few days before the time set for the trial Simmons asked to be permitted to examine the car in which the murder victim was shot, which, in the meantime, had been impounded in the city car pound. He was asked to wait until another policeman reported for duty who could be assigned to accompany him. Disregarding this, however, Simmons obtained a ladder, went to the city pound, and by means of the ladder climbed over a 7-foot barbed wire fence and was in the rear seat of the car when he was apprehended by the police. The United States Attorney was called. Upon an examination of the car, it was found that the bullet hole in the rear seat had been altered so that it could support the inference or argument that the bullet came from a direction that would no longer accord with the theory of the prosecution.

Upon being apprised of these facts the Court vacated the order allowing Simmons to appear in defense of Madsen. The Court then announced that the trial setting would remain but was immediately informed by the local counsel that they knew nothing about the case. Inquiry developed that Simmons had delegated no authority over the case to local counsel. It would thus appear that what he did was merely to create the appearance of association with local counsel. So far as facilitating the disposition of the case is concerned he might as well have associated himself with a King Island Eskimo. So the

court was compelled to continue the case for 9 or 10 days, although it was about to adjourn the Ketchikan term. To avoid a like occurrence in the future Local Rule No. 2, requiring that the authority of local counsel be no less than that of the non-resident attorney, was adopted.

After the jury had been selected, Madsen withdrew his plea of not guilty and entered a plea of guilty to second degree murder. Before imposition of sentence considerable evidence in mitigation and aggravation was received. Thereafter the Court imposed a sentence of 25 years.

Naturally Simmons did not take his debarment philosophically. Indications were that he intended to make a cause celebre of this sordid case and exploit its publicity value to the hilt. Later indications lead to the suspicion that he has induced the petitioner to commence a proceeding to vacate the judgment and sentence under 28 U.S.C.A. § 2255, for within an incredibly short time after the imposition of the sentence, the proceeding referred to was commenced. Apparently the petitioner has absorbed some of Simmons' hostility. He has written numerous letters to the Clerk and Judge of this court, and the United States Attorney. In each instance a copy of the letter, as well as of the document transmitted therewith, was sent to the Attorney General of the United States and to members of the judiciary committees of the Senate and House. The tenor of the letters, etc., is such as to suggest that the Court is not to be trusted. I cannot believe that a member of the legal profession who is a stranger to this court, would entertain such an opinion unless he had been persuaded to do so by someone who has an axe to grind. This, in conjunction with information reaching me from various sources, leads me to suspect that Simmons, not Madsen, is the real party aggrieved, that he has instigated the Section 2255 proceeding and is directing or advising the petitioner.

While the procedure thus resorted to may not be improper for a fixer whose stock in trade is influence, it is not unreasonable to expect lawyers to operate on a higher plane, in view of the ample provision made for appellate review. The conclusion is inescapable, therefore, that these tactics were designed to intimidate and influence me. It is a mistake, however, to assume that because the judge of this court does not have a lifetime appointment and is therefore vulnerable to attacks every four years, he is going to waver, in the face of threats, from his determination to discharge the duties of his office according to the highest traditions of an independent judiciary.

The petition is denied, not only because there has been a failure to comply with Local Rule No. 2 or to show any grounds excusing compliance therewith, but also because the methods employed constitute an effort to intimidate and improperly influence this Court.